UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM L HARRIS,<br><br>               Plaintiff,<br><br>  v.<br><br>CITY OF KENT,<br><br>               Defendants. | Case No. C20-1045 TLF<br><br>ORDER GRANTING LEAVE TO AMEND |

This matter comes before the Court on plaintiff's motion for leave to amend the complaint. Dkt. 25. Defendants have filed a response opposing plaintiff's motion (Dkt. 27) and plaintiff has filed a reply in support of the motion (Dkt. 28). For the reasons set forth below, the Court GRANTS plaintiff's motion for leave to amend and accepts plaintiff's amended complaint (Dkt. 30).

                I.      <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Plaintiff filed his pro se complaint on June 25, 2020 alleging a cause of action under 42 U.S.C. § 1983. Dkt. 1. On July 27, 2020 plaintiff filed a motion for summary judgment. Dkt. 12. Defendants have filed a cross-motion for summary judgment. Dkt. 14.

The Court's current pretrial scheduling order allows the parties until November 6, 2020 to amend their pleadings. Dkt. 29.

ORDER GRANTING LEAVE TO AMEND - 1

Plaintiff filed a motion for leave to amend the complaint but did not include a proposed amended complaint as required by Local Civil Rule 15. Dkt. 25. Defendants opposed plaintiff's motion for leave to amend arguing that the Court should deny leave to amend the complaint for failure to follow the Local Rules and because plaintiff's amended complaint would be futile or subject to dismissal. Dkt. 27. Plaintiff filed a reply in support of the motion. Dkt. 28.

Plaintiff has now filed an amended complaint, within the Court's deadline of November 6, 2020. Dkt. 30. Defendants have moved to strike the amended complaint because plaintiff filed the complaint without the Court's leave to file the amended complaint and because the amended complaint is subject to dismissal. Dkt. 32.

## II.     DISCUSSION

Pursuant to Federal Rule of Civil Procedure 15(a), after an initial period for amendment as of right, pleadings may be amended only with the opposing party's written consent or by leave of the court. Leave to amend should be freely given when justice so requires. Fed.R.Civ.P. 15(a)(2); *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) ("[T]his policy is to be applied with extreme liberality.")

The Court must consider five factors when determining the propriety for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *Desertrain*, 754 F.3d at 1154; *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Additionally, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988).

There is no evidence that plaintiff seeks to amend the complaint in bad faith or to cause delay. Plaintiff complied with the Court's pretrial scheduling order -- he filed his motion to amend the complaint and also submitted the proposed amended complaint before November 6, 2020. Dkt. 25, 29, 30. Additionally, defendants have not shown that they will be prejudiced if plaintiff is granted leave to amend. Although the parties have been engaged in motion practice, the parties are still at an early stage of this litigation, and it does not appear that the parties have engaged in meaningful discovery.

Further, plaintiff is a *pro se* litigant. "Presumably unskilled in the law, the pro se litigant is far more prone to making errors in pleading than the person who benefits from the representation of counsel." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). A *pro se* plaintiff's pleading is ultimately held "to a less stringent standard than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, the Court construes plaintiff's amended complaint (Dkt. 30) as the proposed amended complaint required by Local Rule 15.

### III.  CONCLUSION

Accordingly, pursuant to Fed. R. Civ. P. 15(a), the Court ORDERS:

1) Plaintiff's motion for leave to amend (Dkt. 25) is GRANTED;
2) Plaintiff's amended complaint (Dkt. 30) shall now be plaintiff's operative complaint;
3) Defendants' motion to strike (Dkt. 32) is DENIED;

4) The Clerk is directed to strike the pending motions for summary judgment (Dkt. 12, 14) as moot, in light of the Court's Order to Show Cause, and the filing of the amended complaint.

Dated this 2nd day of November, 2020.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge