UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM L HARRIS,<br><br>　　　　　　　Plaintiff,<br>　v.<br>CITY OF KENT et al.,<br><br>　　　　　　　Defendants. | Case No. C20-1045 RSM-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for December 10, 2021 |

This matter comes before the Court on plaintiff's motion to enforce settlement. Dkt. 90. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth herein, the Court should deny plaintiff's motion.

## FACTUAL BACKGROUND

Plaintiff's motion states that on September 18, 2021, plaintiff "reviewed, amended, and signed a full and final settlement release" of his claims. Dkt. 90 at 1. Plaintiff states that the defendants' attorney sent him the release which plaintiff attached to the motion. *Id*. Further, plaintiff explains that he amended the release by increasing the amount of damages and modifying the language of the release. *Id*. Plaintiff expresses that his understanding was that the release would go into effect 30 days after he signed the document and that the document did not require countersignature by the defendants. *Id*. at 2. Plaintiff asks the Court to enter an order enforcing the attached

REPORT AND RECOMMENDATION - 1

release and to order defendants to pay plaintiff an additional $375.00 per day for failing to timely pay plaintiff the amended settlement amount. *Id.*

Plaintiff attached the Release and Indemnification Agreement. Dkt. 90 at 6-8. The Release and Indemnification Agreement shows that plaintiff crossed out an original offer amount of $10,000 and replaced it with an amount of $2,750,000. *Id.* at 6.

Defendant opposed plaintiff's motion (Dkt. 93) and plaintiff filed a reply (96).

## DISCUSSION

The Court has the authority to enforce settlement agreements entered into by the litigants while the litigation is pending. *In re City Equities Anaheim*, 22 F.3d 954, 957 (9th Cir. 1994). A settlement agreement is a contract and is thus governed by the principles of state contract law. *Wilcox v. Arpaio*, 753 F.3d 872, 876 (9th Cir. 2014). Mutual assent is an essential requirement for the formation of a valid contract. *Burnett v. Pagliacci Pizza, Inc.*, 196 Wn.2d 38, 48 (2020).

The parties must objectively manifest mutual assent to the same bargain at the same time. *Yakima Cnty. Fire Prot. Dist. No. 12 v. City of Yakima*, 122 Wn.2d 371, 388 (1993). "Mutual assent generally takes the form of an offer and an acceptance." *Id.* Further, "[i]t is a basic rule of contract formation that 'an expression of assent that changes the terms of the offer in any material respect may be operative as a counteroffer; but it is not an acceptance and consummates no contract.'" *Rorvig v. Douglas*, 123 Wn.2d 854, 858 (1994) (quoting *Blue Mt. Constr. Co. v. Grant Cy. Sch. Dist.*, 49 Wn.2d 685, 688 (1957)).

Based on the facts presented in plaintiff's motion, no valid, enforceable settlement exists. Plaintiff has failed to demonstrate that the parties objectively

manifested assent to the terms of the contract. The original Release and Indemnification Agreement sent by defendants constituted an offer to release and discharge plaintiff's claims in exchange for $10,000. By amending the terms of the offer, plaintiff rejected the offer and made a counteroffer. *Rorvig*, 123 Wn.2d at 858. This counteroffer is insufficient to constitute mutual assent to the terms of the contract and does not form an enforceable contract. *Id*. Plaintiff does not provide any facts that would show the defendants accepted his counteroffer of $2,750,000.

Further, in response to plaintiff's motion, defendants submitted e-mail correspondence between defendants' counsel and plaintiff regarding the Release and Indemnification Agreement. Dkt. 94-7 (9/20/2021 e-mail from defense counsel to plaintiff); Dkt. 94-8 (9/20/2021 e-mail from plaintiff to defense counsel). In the first e-mail, defense counsel informed plaintiff that the defendants rejected plaintiff's demand for $2,750,000 and reasserted defendants' offer of $10,000. Dkt. 94-7 at 1. Plaintiff responded stating "The offer is an insult. We will all move forward accordingly." Dkt. 94-8 at 1.

Based on the foregoing discussion, the Court should find that because no mutual assent was reached regarding the material terms of the agreement, the parties did not enter into an enforceable settlement agreement.

CONCLUSION

The Court should DENY plaintiff's motion to enforce settlement release (Dkt. 90).

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in

REPORT AND RECOMMENDATION - 3

a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). If objections are filed, the parties shall have **fourteen (14) days** from the service of the objections to file a response. FRCP 72(b)(2). Accommodating the above time limit, the Clerk shall set this matter for consideration on **December 10, 2021**, as noted in the caption.

Dated this 24th day of November, 2021.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4