UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM L HARRIS,

        Plaintiff,

   v.

CITY OF KENT, et al.,

        Defendants.

Case No. C20-1045 RSM-TLF

ORDER ON MOTION TO COMPEL DISCOVERY

This matter comes before the Court on plaintiff's motion to compel discovery. Dkt. 89. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth herein, plaintiff's motion to compel is denied.

FACTUAL BACKGROUND

Plaintiff filed the pending motion requesting the Court compel defendants "to produce all evidence in their possession of plaintiff's involvement in any crimes or criminal activity on the date of his December 15, 2019 arrest." Dkt. 89. Plaintiff's motion states that the defendants' discovery responses are impeding his ability to prepare for trial because they contradict defendants' prior statements. *Id*. Plaintiff also argues that the defendants improperly objected to the discovery responses by relying on the Court's previous ruling on defendants' motion for summary judgment. *Id*. Plaintiff also

ORDER ON MOTION TO COMPEL DISCOVERY - 1

expresses that some evidence that defendants have not produced will discredit defendant Reed's prior declaration. *Id.*

Plaintiff requests that the Court issue an order compelling defendants to produce "all evidence of every type" in defendants' possession that plaintiff committed a crime on December 15, 2019. *Id.* Plaintiff also requests that the Court impose sanctions on defendants. *Id.*

Defendants have responded to plaintiff's motion stating they have already produced all responsive documents and have not withheld any responsive documents. Dkt. 91 at 2-6. Defense counsel also submitted a declaration stating that during a discovery conference with plaintiff, defense counsel confirmed that all documents had been produced. Dkt. 92, Declaration of Carsley, at ¶ 6.

## DISCUSSION

Pursuant to Fed. R. Civ. P. 37 a party may move for an order compelling a party to appropriately respond to discovery when a party fails to produce documents or permit inspection as required by Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). Rule 34 allows a party to serve on another party a request for production within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). Rule 26(b)(1) states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

ORDER ON MOTION TO COMPEL DISCOVERY - 2

1    A party is only required to produce documents and records within their "possession, custody or control." *United States v. International Union of Petroleum & Industrial Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989) (citing Fed. R. Civ. P. 34(a)). The party seeking production of the document bears the burden of proving that the opposing party has possession of the document or evidence requested. *Id.* Additionally, the moving party bears the burden of showing that the discovery responses were incomplete. *Daiflon, Inc. v. Allied Chemical Corp.*, 534 F.2d 221, 227 (10th Cir. 1976).

In response to plaintiff's motion, defendants have stated that defendants' discovery responses raised objections but also produced all responsive documents. Dkt. 91 at 2-6. Defendants have further stated that during a discovery conference with plaintiff, defense counsel confirmed that all responsive documents have been produced and no documents have been withheld. Dkt. 92 at ¶¶ 5-6. Additionally, in plaintiff's reply brief, plaintiff confirms that during the discovery conference, defense counsel acknowledged that no additional evidence existed or was being withheld. Dkt. 95, Plaintiff's Reply, at 4.

Based on the foregoing, plaintiff has failed to demonstrate that defendants' discovery responses are incomplete or that defendants have withheld any responsive evidence. Plaintiff does not identify unexplained gaps in document production, or any particular documents that defendants are allegedly withholding, or any basis for a belief that any responsive, non-privileged, documents are being withheld.

ORDER ON MOTION TO COMPEL DISCOVERY - 3

CONCLUSION

For the reasons set forth herein, plaintiff's motion to compel discovery (Dkt. 89) is DENIED. Additionally, because plaintiff's motion to compel discovery is denied, sanctions are likewise unwarranted.

Dated this 24th day of November, 2021.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge